UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

    - v. -

ANDRES CAICEDO,

        Defendant.

------------------------------------- x

**CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT**

S3 21 Cr. 21 (GBD)

      WHEREAS, on or about June 17, 2024, ANDRES CAICEDO (the "Defendant"), was charged in a five-count Superseding Indictment, S3 21 Cr. 21 (GBD) (the "Indictment"), with conspiracy to commit carjacking, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count Two); carjacking, in violation of Title 18, United States Code, Sections 2119(1) and 2 (Count Three); Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Four); and firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii), and 2 (Count Five);

      WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(5), of any and all property, real and personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment;

      WHEREAS, the Indictment included a forfeiture allegation as to Counts Two and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States

Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two and Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two and Four of the Indictment;

WHEREAS, on or about July 22, 2024, the Defendant pled guilty to Counts Three and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts Three and Four of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(5), and Title 28, United States Code, Section 2461(c), a sum of money equal to $700 in United States currency representing proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $700 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts Three and Four of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendant Yordanny Toribio Mendoza (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts Three and Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Jonathan L. Bodansky, Adam Z. Margulies, and Christy Slavik, of counsel, and the Defendant and his counsel, Leonardo M. Aldridge, Esq., that:

1. As a result of the offenses charged in Counts Three and Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $700 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts Three and Four of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ANDRES CAICEDO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____         7/22/24
JONATHAN L. BODANSKY                        DATE
ADAM Z. MARGULIES
CHRISTY SLAVIK
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2385/-2345/-1113

ANDRES CAICEDO

By: _____         _____
ANDRES CAICEDO                              DATE


By: _____         _____
LEONARDO M. ALDRIDGE, ESQ.                  DATE
Attorney for Defendant
20 Vesey Street, Room 400
New York, NY 10007

SO ORDERED:

_____              7/22/2024
HONORABLE GEORGE B. DANIELS                 DATE
UNITED STATES DISTRICT JUDGE